UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Frene

    v.                     Civil No. 17-cv-215-JL

Merrimack County Department
of Corrections et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is Robert Frene's initial filing in this matter (Doc. No. 1), which the court construed as a petition for a writ of habeas corpus arising under 28 U.S.C. § 2241, and two petition addenda (Doc. Nos. 3, 6). The petition is before this court for preliminary review, to determine whether it is facially valid and may proceed. See 28 U.S.C. § 2243; LR 4.3(d)(4)(A); Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions). Also before the court is Frene's motion to proceed in this matter without prepayment of the filing fee (Doc. No. 4).

---

[1] In his pleadings (Doc. Nos. 1, 3) Frene names the Merrimack County Department of Corrections, Belknap County, and the Grafton County House of Corrections as respondents to this action.

**Standard**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a facially valid claim to relief that is cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Discussion**

Frene initially filed this action when he was incarcerated at the Merrimack County Department of Corrections ("MCDOC"), seeking immediate release from custody. Frene alleged that his incarceration at the MCDOC violated his federal constitutional rights to travel and to reasonable bail. Frene has now also asserted that, during his incarceration at the MCDOC, the Belknap County Department of Corrections ("BCDOC") and the Grafton County Department of Corrections ("GCDOC"), he was subjected to unconstitutional conditions of confinement.

In his petition addenda (Doc. Nos. 3, 6), Frene added claims for monetary damages. As such claims are not cognizable in a habeas action, they should be dismissed without prejudice

to Frene's ability to assert those claims in a civil action.

Frene is no longer incarcerated at the MCDOC, BCDOC, or GCDOC. Accordingly, to the extent Frene asserts claims seeking release from confinement at the MCDOC, BCDOC, or GCDOC, his petition is moot, and should be dismissed on that basis.

**Motion to Proceed Without Prepayment of Filing Fee (Doc. No. 4)**

Frene has filed a motion (Doc. No. 4) seeking to proceed in this matter without prepayment of the filing fee. Because the court recommends that this matter be dismissed, the district judge should deny that motion as moot.

**Conclusion**

For the foregoing reasons, the court recommends that the district judge: 1) dismiss this action in its entirety, without prejudice to Frene's ability to assert his civil claims for relief in a civil rights action filed under 42 U.S.C. § 1983, naming appropriate defendants; and 2) deny Frene's motion to proceed without prepayment of fees (Doc. No. 4) as moot. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the

Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 31, 2017

cc: Robert Frene, pro se